SAMUEL HERBERT BROWN, by SARAH M. PURDY, HIS GUARDIAN, RESPONDENT, *v.* ODLE C. KNAPP, ADMINISTRATOR, AND ABIGAIL S. BROWN, ADMINISTRATRIX, ETC., OF WILLIAM S. BROWN, DECEASED, APPELLANTS.

*Jurisdiction of court over foreign executor — when a legacy draws interest.*

Samuel Brown died in 1867, domiciled in Connecticut, leaving a will by which he gave a legacy to plaintiff, his grandson, one to a daughter, and the residue of his estate, real and personal, to his son William S. Brown, and appointed him executor. The son acted as executor and passed his accounts before the probate court in Connecticut. At the death of the testator, and at the time of the commencement of this action, said son resided in this State.

*Held,* that the courts of this State had jurisdiction of an action by plaintiff, to enforce the payment of interest on his legacy.

The rule that a legacy payable at a future day does not draw interest, when the will is silent on that point, does not apply when the testator stands in the place of a parent to the legatee who has no property from which to support himself.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court, without a jury.

*Close & Robertson,* for the appellants.

*Hulse & Finn,* for the respondent.

BARNARD, P. J.:

Samuel Brown died in October, 1867. At the time of his death he was domiciled at Greenwich, in the State of Connecticut. He left a last will and testament which was subsequently proven in that State. By the will the testator disposed of his estate as follows : He gave a legacy to the plaintiff of $3,000, which he directed his executor to pay to him when he attained the age of twenty-one years, and if he died under that age, without issue, then the legacy was to his sole surviving son William S. Brown, and his daughter Ann J. Lounsbury. He gave this daughter a legacy of $4,000, to be invested by the executor, and the interest paid annually to her, and after her death the same to go to her children. The rest of the estate, real and personal, he gave to his son William S. Brown. The will is silent as to any payment

of interest upon the legacy given to plaintiff. The testator left real estate to the amount of $10,875, and personal property to the amount of $5,140.88. William S. Brown was named in the will as sole executor, and he took upon himself the execution of the will. He took the possession of the real and personal estate. He made his final account as executor in the probate court of Greenwich, Connecticut. At the time of the commencement of this action, the executor, William S. Brown, resided in this State, and also at the death of testator Samuel Brown. William S. Brown died after the trial in this action and before the final decision. The defendant Odle C. Knapp was appointed administratrix with the will annexed of Samuel Brown, deceased, in Connecticut, and Odle C. Knapp and Abigail L. Brown were appointed administratrixes of William S. Brown, deceased, by the surrogate of Westchester county.

The plaintiff brought this action to enforce the payment of interest upon the legacy of $3,000 to him during his minority, and the first question presented is whether this court has jurisdiction of the action. We think the cases support the jurisdiction of this court to entertain the action. In the case of *McNamara* v. *Dwyer* (7 Paige, 239) it was held that the Court of Chancery has jurisdiction to compel a foreign executor to account for the trust funds in his hands in this State. In *Despard* v. *Churchill* (53 N. Y., 192) the Court of Appeals held that the entertaining of such an action against foreign executors is a question of judicial discretion and not of jurisdiction. In that case the court justified an order directing payments by the executor of a testator at the time of his death domiciled in California. No special reason is perceived why the question presented by plaintiff should be sent to Connecticut for adjudication. There are no creditors to be protected. The executor is a resident of this State and has personally the title to the real and personal property of testator as executor and residuary legatee. The plaintiff lives here. The sole question is whether the legacy in question draws interest, and that can as well be decided here as elsewhere. The presumption is that the courts of the different States will decide according to law, and that the decision would be the same upon the question presented in each State. The

Connecticut decisions will be considered in determining what the law is. There might be a failure of justice if this action was not sustained. The real estate of testator was, it is true, in Connecticut, whether it is now subject to the probate court there does not appear. If it has been transferred, a Connecticut decree could not aid the plaintiff. The defendant could not be served. The personal property would follow the domicile of William S. Brown and be beyond the reach of the Connecticut court.

The second question presented is one of fact. Plaintiff's father was a son of testator. In 1863 he joined the army of the United States and went to Louisiana, where he died. Before he went the testator, Samuel Brown, promised him that in case he did not return he would take care of his wife and child. He took this wife and child to live with him in Connecticut, and kept them in his family as long as he lived. He treated the plaintiff in the most affectionate manner; called him his " little son " and " little grandson." He told the boy's mother he had left things so, that she would have no trouble in bringing him up. He repeatedly said this. The boy was seven years old when his grandfather died. The judge correctly found, we think, from the testimony that the testator stood in the place of a father to plaintiff. The general rule in regard to legacies is that a legacy, payable at a future time, does not draw interest when the will is silent as to interest. To this rule there is an exception where the testator stood in place of parent to the legatee. This is supported by an abundance of authority. (*Acherley* v. *Vernon*, 1 P. Wms. Rep., 783; *Harvey* v. *Harvey*, 2 id., 21; *Hill* v. *Hill*, 3 Ves. & B., 183; *Heath* v. *Perry*, 3 Atk., 102.)

The infant plaintiff in this case has no property with which to support himself. He therefore comes within the principle held in numerous cases. Equity will decree the interest to be payable upon his legacy, which is clearly a vested one, and liable to be divested by death and only from that time.

The judgment should be affirmed, with costs.

GILBERT, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.